Matter of Unity Home Care Agency, Inc. v New York State Dept. of Health (2019 NY Slip Op 02463)





Matter of Unity Home Care Agency, Inc. v New York State Dept. of Health


2019 NY Slip Op 02463


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8858 260005/18

[*1]In re Unity Home Care Agency, Inc., Petitioner,
v
The New York State Department of Health, et al., Respondents.


Holihan & Associates, P.C., Richmond Hill (Stephen Holihan of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York (Joshua M. Parker of counsel), for respondents.



Determination of respondent New York State Department of Health (DOH), dated November 20, 2017, which revoked petitioner's license to operate as a home health care agency and imposed a $1,000 civil penalty, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Howard H. Sherman, J.], entered on or about January 24, 2018), dismissed, without costs.
The determination that petitioner violated numerous DOH regulations is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Statements of Deficiencies, prepared after DOH unsuccessfully attempted to survey petitioner's offices on four separate occasions between 2009 and 2015, and testimony of the witnesses at the administrative hearing provided sufficient evidence to support the charges levied against petitioner (see Public Health Law § 10[2]).
The penalty imposed does not shock our sense of fairness. Petitioner's failure to comply with regulations requiring it, among other things, to notify DOH of changes in its office location and to provide access to its records, resulted in DOH being unable to monitor petitioner's operations over a period of at least six years. Revocation of an operating license is not an excessive penalty where the operators' multiple violations threaten the health and safety of others (see e.g. Simpson v New York State Off. of Children and Family Servs, Bur. of Early Childhood Servs., 93 AD3d 588 [1st Dept 2012]); Clarke v New York State Off. of Children and Family Servs., 91 AD3d 489 [1st Dept 2012]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK